UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRACEY COLEMAN,

          Plaintiff,

          v.                          Case No. 15-CV-984

DEPARTMENT OF LABOR REVIEW COMMISSION,

          Defendant.

## ORDER

On August 18, 2015, plaintiff Tracey Coleman, proceeding pro se, filed a complaint naming the Labor and Industry Review Commission as the defendant. (ECF No. 1.) Accompanying Coleman's complaint was a petition and affidavit to proceed without prepayment of fees and/or costs, commonly referred to as a motion for leave to proceed in forma pauperis ("IFP"). (ECF No. 2.) After Coleman consented to the full jurisdiction of a magistrate judge, the court reviewed his complaint and motion to proceed IFP.

The court granted Coleman's motion to proceed IFP. But "[b]ecause Coleman ha[d] not adequately explained the nature of the dispute with the defendant Labor and

Industry Review Commission, the court [wa]s unable to determine whether it is a dispute over which the court has jurisdiction." (ECF No. 5 at 5.) Therefore, the court ordered Coleman to submit an amended complaint, providing additional details sufficient for the court to determine whether Coleman's lawsuit may be properly brought in federal court. (ECF No. 5.) Coleman has done so. (ECF No. 6.) The court must now review his amended complaint and determine whether it is sufficient to proceed under 28 U.S.C. § 1915.

In the amended complaint, Coleman now names the "Department of Labor Review Commission" as the defendant. Similar to the initial complaint, the court reads the amended complaint as relating to Coleman's dissatisfaction with the "Department of Labor and Review's" actions regarding Coleman's efforts to appeal a decision of an administrative law judge. (ECF No. 6 at 3.) Coleman alleges that the trial was not fair. (ECF No. 6 at 3-4.)

As the court noted in its last decision, a federal court does not have the authority to resolve every type of dispute. A federal court can resolve a dispute only if it is one of the sorts of cases federal courts are specifically authorized to resolve. This authority to resolve only particular types of disputes is often referred to as jurisdiction. As with his initial complaint, Coleman's amended complaint does not present any plausible basis whereby this court might have jurisdiction over Coleman's dispute with the "Department of Labor Review Commission."

As a preliminary matter, the court is unaware of any entity by the name, "Department of Labor Review Commission." The portion of the complaint where Coleman was instructed to provide the defendant's name and address is blank, and thus the court is provided with no means of further identifying this defendant (making service of the complaint and any further proceedings impossible). The name "Department of Labor Review Commission" is used only in the caption of the amended complaint. Perhaps Coleman intended the defendant to be the "Labor and Industry Review Commission," which was named as the defendant in the initial complaint and is a Wisconsin administrative agency dealing with unemployment insurance, worker's compensation, and discrimination.

From the scant details in the amended complaint, the court speculates that Coleman's complaint might relate to a decision regarding unemployment compensation. One of Coleman's factual assertions is "the plaintiff has been looking for eployment [sic] in the month of April 2015" (ECF No. 6 at 4 (capitalization adjusted)), and the court is aware that whether a claimant was looking for work is often a matter disputed in unemployment compensation hearings. But this court is without jurisdiction to hear disputes regarding unemployment compensation (or most determinations of state administrative agencies).

Liberally construing Coleman's complaint, as the court must in light of Coleman's pro se status, the court is unable to discern any plausible claim for relief that

3

may be heard in federal court. Therefore, this court must dismiss Coleman's complaint. Having previously alerted Coleman to the deficiencies in his complaint and afforded him the opportunity to amend it, the court finds that further amendment is unlikely to remedy the complaint's deficiencies. Therefore, the court also will dismiss this action.

**IT IS THEREFORE ORDERED** that Coleman's amended complaint and this action are hereby dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 5th day of October, 2015.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.