UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRACEY COLEMAN,

    Plaintiff,

v.                                Case No. 15-CV-984

DEPARTMENT OF LABOR REVIEW COMMISSION,

    Defendant.

## REPORT AND RECOMMENDATION

*In accordance with the recent decision of the Court of Appeals for the Seventh Circuit in* Coleman v. Labor & Indus. Review Comm'n of Wisconsin, *No. 15-3254, 2017 WL 2609229 (7th Cir. June 16, 2017), and 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), the court re-issues as a report and recommendation what the court previously issued as an order.*

On August 18, 2015, plaintiff Tracey Coleman, proceeding pro se, filed a complaint naming the Labor and Industry Review Commission as the defendant. (ECF No. 1.) Accompanying Coleman's complaint was a petition and affidavit to proceed without prepayment of fees and/or costs, commonly referred to as a motion for leave to proceed in forma pauperis ("IFP"). (ECF No. 2.) After Coleman consented to the full

jurisdiction of a magistrate judge, the court reviewed his complaint and motion to proceed IFP.

The court granted Coleman's motion to proceed IFP. But "[b]ecause Coleman ha[d] not adequately explained the nature of the dispute with the defendant Labor and Industry Review Commission, the court [wa]s unable to determine whether it is a dispute over which the court has jurisdiction." (ECF No. 5 at 5.) Therefore, the court ordered Coleman to submit an amended complaint, providing additional details sufficient for the court to determine whether Coleman's lawsuit may be properly brought in federal court. (ECF No. 5.) Coleman has done so. (ECF No. 6.) The court must now review his amended complaint and determine whether it is sufficient to proceed under 28 U.S.C. § 1915.

In the amended complaint, Coleman now names the "Department of Labor Review Commission" as the defendant. Similar to the initial complaint, the court reads the amended complaint as relating to Coleman's dissatisfaction with the "Department of Labor and Review's" actions regarding Coleman's efforts to appeal a decision of an administrative law judge. (ECF No. 6 at 3.) Coleman alleges that the trial was not fair. (ECF No. 6 at 3-4.)

As the court noted in its last decision, a federal court does not have the authority to resolve every type of dispute. A federal court can resolve a dispute only if it is one of the sorts of cases federal courts are specifically authorized to resolve. This authority to

resolve only particular types of disputes is often referred to as jurisdiction. As with his initial complaint, Coleman's amended complaint does not present any plausible basis whereby this court might have jurisdiction over Coleman's dispute with the "Department of Labor Review Commission."

As a preliminary matter, the court is unaware of any entity by the name, "Department of Labor Review Commission." The portion of the complaint where Coleman was instructed to provide the defendant's name and address is blank, and thus the court is provided with no means of further identifying this defendant (making service of the complaint and any further proceedings impossible). The name "Department of Labor Review Commission" is used only in the caption of the amended complaint. Perhaps Coleman intended the defendant to be the "Labor and Industry Review Commission," which was named as the defendant in the initial complaint and is a Wisconsin administrative agency dealing with unemployment insurance, worker's compensation, and discrimination.

From the scant details in the amended complaint, the court speculates that Coleman's complaint might relate to a decision regarding unemployment compensation. One of Coleman's factual assertions is "the plaintiff has been looking for eployment [sic] in the month of April 2015" (ECF No. 6 at 4 (capitalization adjusted)), and the court is aware that whether a claimant was looking for work is often a matter disputed in unemployment compensation hearings. But this court is without

3

Case 2:15-cv-00984-JPS    Filed 07/11/17    Page 3 of 4    Document 22

jurisdiction to hear disputes regarding unemployment compensation (or most determinations of state administrative agencies).

Liberally construing Coleman's complaint, as the court must in light of Coleman's pro se status, the court is unable to discern any plausible claim for relief that may be heard in federal court. Therefore, this court must recommend dismissal of Coleman's complaint. Having previously alerted Coleman to the deficiencies in his complaint and afforded him the opportunity to amend it, the court finds that further amendment is unlikely to remedy the complaint's deficiencies. Therefore, the court also will recommend dismissal of this action.

**IT IS THEREFORE RECOMMENDED** that Coleman's amended complaint and this action be dismissed.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) whereby written objections to any order herein or part thereof may be filed within fourteen days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 11th day of July, 2017.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge