# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRACEY COLEMAN,

                Plaintiff,

v.

DEPARTMENT OF LABOR REVIEW COMMISSION,

                Defendant.

Case No. 15-CV-984-JPS

**ORDER**

Over two years ago, Plaintiff filed a *pro se* complaint against the Labor and Industry Review Commission of Wisconsin (the "Commission"). (Docket #1). He consented to the jurisdiction of Magistrate Judge William E. Duffin, who screened his complaint pursuant to 28 U.S.C. § 1915 and ordered him to amend it. (Docket #4, #5). Magistrate Duffin then screened the amended complaint and, finding the earlier deficiencies were not resolved, dismissed the case. (Docket #7).

Plaintiff appealed. (Docket #9). On June 16, 2017, the Court of Appeals vacated the dismissal. *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 475 (7th Cir. 2017). The court held that magistrate judges may not dispose of claims in cases like this one, where only one side has consented to the magistrate's jurisdiction. *Id.* The Seventh Circuit remanded the case so that it might be screened by a district judge. *See id.*

The Court of Appeals' mandate issued on July 10, 2017. (Docket #21). The next day, Magistrate Duffin reissued his earlier screening of the amended complaint as a report and recommendation to this Court. (Docket #22). However, the mandate was recalled shortly thereafter while the

parties sought certiorari to the U.S. Supreme Court. *See* (Docket #27). That petition was denied, and the Seventh Circuit reissued its mandate on January 17, 2018. (Docket #30).

Shortly after the mandate was reissued, Plaintiff filed objections to Magistrate Duffin's report and recommendation. (Docket #28, #29). It now becomes the duty of this branch of the Court to review the recommendations of the magistrate against Plaintiff's objections. The Court reviews a party's specific written objections to a report and recommendation *de novo*. Fed. R. Civ. P. 72(b)(3).

To set Plaintiff's objections in context, the Court recounts the facts of his case as he represented them to the Court of Appeals, followed by an excerpt of Magistrate Duffin's report and recommendation. Plaintiff told the Seventh Circuit on appeal that after he was terminated from his employment at a local high school, he brought a claim for racial discrimination in both the federal district court and before the Equal Rights Division ("ERD") of the Commission. *See* (Docket #29 at 9–11). The district court case, *Tracey Coleman v. ABM Industries*, Case No. 14-CV-435-WEC (E.D. Wis.), was dismissed with prejudice by joint stipulation of the parties. The administrative law judge ("ALJ") from the ERD dismissed the agency proceeding because Plaintiff missed certain deadlines. (Docket #29 at 9–11). Plaintiff responds that he never received letters notifying him of those deadlines or the potential for dismissal. *Id.* The same day his case was dismissed, Plaintiff requested that the Commission review that dismissal, but it declined. *Id.*

Few of these facts are found in the amended complaint. Instead, in two pages of scattered, largely incoherent factual allegations, Plaintiff appears to complain about not receiving some letters from the ERD and

being "denied a fair trial." (Docket #6 at 3–4). He claims that he "did not miss the deadlines" and seems to want the Court to order the Commission to take up his appeal from the ALJ's decision. *See id.* For relief, he requests that the Court "resolve this" because he has suffered anxiety and stress. *Id.* at 6.

Keeping in mind the threadbare nature of Plaintiff's allegations as presented to Magistrate Duffin, the Court now reproduces the majority of the magistrate's report and recommendation:

> On August 18, 2015, plaintiff Tracey Coleman, proceeding pro se, filed a complaint naming the Labor and Industry Review Commission as the defendant. (ECF No. 1.) Accompanying Coleman's complaint was a petition and affidavit to proceed without prepayment of fees and/or costs, commonly referred to as a motion for leave to proceed in forma pauperis ("IFP"). (ECF No. 2.) After Coleman consented to the full jurisdiction of a magistrate judge, the court reviewed his complaint and motion to proceed IFP.
>
> The court granted Coleman's motion to proceed IFP. But "[b]ecause Coleman ha[d] not adequately explained the nature of the dispute with the defendant Labor and Industry Review Commission, the court [wa]s unable to determine whether it is a dispute over which the court has jurisdiction." (ECF No. 5 at 5.) Therefore, the court ordered Coleman to submit an amended complaint, providing additional details sufficient for the court to determine whether Coleman's lawsuit may be properly brought in federal court. (ECF No. 5.) Coleman has done so. (ECF No. 6.) The court must now review his amended complaint and determine whether it is sufficient to proceed under 28 U.S.C. § 1915.
>
> In the amended complaint, Coleman now names the "Department of Labor Review Commission" as the defendant. Similar to the initial complaint, the court reads the amended complaint as relating to Coleman's dissatisfaction with the "Department of Labor and Review's" actions regarding Coleman's efforts to appeal a decision of an

administrative law judge. (ECF No. 6 at 3.) Coleman alleges that the trial was not fair. (ECF No. 6 at 3-4.)

As the court noted in its last decision, a federal court does not have the authority to resolve every type of dispute. A federal court can resolve a dispute only if it is one of the sorts of cases federal courts are specifically authorized to resolve. This authority to resolve only particular types of disputes is often referred to as jurisdiction. As with his initial complaint, Coleman's amended complaint does not present any plausible basis whereby this court might have jurisdiction over Coleman's dispute with the "Department of Labor Review Commission."

As a preliminary matter, the court is unaware of any entity by the name, "Department of Labor Review Commission." The portion of the complaint where Coleman was instructed to provide the defendant's name and address is blank, and thus the court is provided with no means of further identifying this defendant (making service of the complaint and any further proceedings impossible). The name "Department of Labor Review Commission" is used only in the caption of the amended complaint. Perhaps Coleman intended the defendant to be the "Labor and Industry Review Commission," which was named as the defendant in the initial complaint and is a Wisconsin administrative agency dealing with unemployment insurance, worker's compensation, and discrimination.

From the scant details in the amended complaint, the court speculates that Coleman's complaint might relate to a decision regarding unemployment compensation. One of Coleman's factual assertions is "the plaintiff has been looking for eployment [sic] in the month of April 2015" (ECF No. 6 at 4 (capitalization adjusted)), and the court is aware that whether a claimant was looking for work is often a matter disputed in unemployment compensation hearings. But this court is without jurisdiction to hear disputes regarding unemployment compensation (or most determinations of state administrative agencies).

> Liberally construing Coleman's complaint, as the court must in light of Coleman's pro se status, the court is unable to discern any plausible claim for relief that may be heard in federal court. Therefore, this court must recommend dismissal of Coleman's complaint. Having previously alerted Coleman to the deficiencies in his complaint and afforded him the opportunity to amend it, the court finds that further amendment is unlikely to remedy the complaint's deficiencies. Therefore, the court also will recommend dismissal of this action.

(Docket #22 at 1–4).

In his objections, Plaintiff takes exception to the idea that he is seeking unemployment benefits through this action. (Docket #28 at 8–9).[1] He explains that his purpose is to seek a remedy for the state agency's dismissal of his claim of racial discrimination without ensuring he received warning of the potential dismissal. *Id.* at 9–10. Relying upon the factual explication he gave to the Seventh Circuit—which is totally absent from his amended complaint—he asserts that the dismissal of his claim without warning amounts to a violation of his procedural due process rights under the Fourteenth Amendment. (Docket #28 at 11). Plaintiff believes that Magistrate Duffin has eschewed his responsibility to generously construe Plaintiff's *pro se* submissions in search of a viable claim. *See id.* at 16–17.

Without impugning the magistrate's careful review of the record and the relevant legal principles, this Court finds that the wisest course at present is to permit Plaintiff one last chance to amend his complaint. He does not state a viable procedural due process claim at present, but, as the

---

[1] Plaintiff's objections are comprised almost entirely of handwritten reproductions of his appellate briefs. *See* (Docket #28 at 1–5). For that reason, they include lengthy arguments about Magistrate Duffin's authority to dismiss his case, which is no longer a relevant issue in light of the Court of Appeals' decision.

Court will explain below, he might be able to if he properly amends his pleading to include the factual allegations he made in the Court of Appeals.

A procedural due process claim pursuant to 42 U.S.C. § 1983 asks (1) "whether there exists a liberty or property interest which has been interfered with by the State," and (2) "whether the procedures attendant upon that deprivation were constitutionally sufficient." *Hinkle v. White*, 793 F.3d 764, 767 (7th Cir. 2015). Plaintiff's legal claim of racial discrimination before the ERD qualifies as a protectable property interest. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982) ("[A] cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause."); *Bennett v. Tucker*, 827 F.2d 63, 70 (7th Cir. 1987).[2]

Further, because Plaintiff contends that he was penalized for missing a deadline of which he had no notice, it cannot be said at this early juncture that the state agency's procedures were constitutionally sufficient. Notably, Plaintiff's claim appears to turn not on whether a mailed notice regarding filing deadlines can ever be adequate, implicating *Mathews v. Eldridge*, 424

---

[2]That said, it is important to appreciate what is *not* protected by the Due Process Clause. Procedural rights conferred by state law do not constitute entitlements, the deprivation of which would offend due process. *See Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988); *Osteen v. Henley*, 13 F.3d 221, 225 (7th Cir. 1993). Thus, it is of no moment that the Wisconsin legislature has enacted provisions conferring a right to notice and a hearing before an administrative judge or agency commission under appropriate circumstances. *See* Wis. Stat. § 227.44; *Kropiwka v. Dep't of Industry, Labor & Human Relations*, 275 N.W.2d 881, 884 (Wis. 1979) (describing due process requirements in contested agency proceedings). In other words, Plaintiff cannot sue in federal court for the state agency's failure to follow its own procedural rules. Instead, he can only recover on the theory that failure to follow those rules deprived him of his legal claim. *See Campbell v. City of Chicago*, 940 F.2d 1111, 1113 (7th Cir. 1991) ("When the claimed deprivation of property is the loss of a job, the entitlement must be to a job, rather than just to a set of disciplinary procedures.").

U.S. 319 (1976), but instead whether Plaintiff in fact received the notice, a question probably best answered by examining the ERD's or Commission's mailing procedures under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Put differently, Plaintiff says he was provided no notice at all of the impending dismissal of his ERD complaint, not that the notice he received was deficient in some way. *See Clukey v. Town of Camden*, 717 F.3d 52, 60 (1st Cir. 2013) (noting that *Mathews* balancing is unnecessary in a case where no notice whatsoever was provided).

The problem for Plaintiff is that almost none of the factual representations he made in the Court of Appeals can be found within the four corners of his amended complaint. As it stands, the amended complaint is incomprehensible and does not even suggest a procedural due process claim or facts to support it. As a result, the amended complaint fails to state a viable claim for relief and must be stricken. As will be explained further below, the Court will allow Plaintiff an opportunity to submit a second amended complaint curing this deficiency.[3]

Before closing, however, the Court must point out one additional problem that needs to be addressed in an amended pleading. Plaintiff has

---

[3]Plaintiff should also address in the second amended complaint an inconsistency in his factual contentions. In his amended complaint and his statement of facts on appeal, Plaintiff alleges that he had twenty days to respond to a letter from the ERD but never received the letter. (Docket #6 at 4). This aligns with Wis. Stat. § 111.39(3), which allows the ERD to dismiss a complaint if the complainant does not respond to department correspondence within twenty days. But in his appellate reply brief, Plaintiff says something different. He alleges instead that it was the Commission that impermissibly denied his appeal of the ALJ's decision without giving him notice of the 21-day deadline to appeal. *See id.* § 111.39(5)(b). These contentions are different, and the latter cannot be squared with the idea that Plaintiff appealed the ALJ's dismissal on the day it was issued, as he alleged in his amended complaint. Plaintiff should make clear in his second amended complaint what deadline he purportedly missed.

named the Commission as a defendant, but the Commission is not an appropriate defendant. The Commission is a state agency, *DaimlerChrysler v. LIRC*, 727 N.W.2d 311, 317 (Wis. 2007), and state agencies are not "persons" amenable to suit under Section 1983, *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Even if the Commission could be sued under that statute, it would be immune. *Id.*

However, a Section 1983 suit can proceed directly against officers of state agencies. *Id.* In his second amended complaint, Coleman should name the appropriate agency official if he can, or, if he cannot, he should name that person as John or Jane Doe and then use the tools of civil discovery to identify the person. *See Donald v. Cook Cnty. Sherriff's Dep't*, 95 F.3d 548, 556–57 (7th Cir. 1996).

As a final note, although the Court finds that Plaintiff can likely proceed past screening with the above-described amendments, it harbors significant reservations about the viability of the claim, particularly in terms of the available remedy. Recall that Plaintiff only asks that the Court "resolve" his complaint. (Docket #6 at 6). If by "resolve," he means he wants the Court sit in review of the state agency's decision and reverse it, the Court cannot, since "[f]ederal courts have no general appellate authority over state courts or state agencies." *Hameetman v. City of Chicago*, 776 F.2d 636, 640 (7th Cir. 1985).[4]

---

[4]One odd feature of this case is that Plaintiff did not follow the usual course of review of the state agency decision by appealing to a Wisconsin state court as provided in Wisconsin Statutes Chapter 227. *See* Wis. Stat. §§ 111.395, 227.57(8)–(9). That oversight may not be fatal to his claim in this Court, but an end-run around established state procedures is concerning nevertheless.

It is also unlikely that this Court could adjudicate his discrimination claim. He appears to have raised exactly the same claim in his 2014 suit in the district court, and he agreed to dismiss that action with prejudice. As a result, it is almost certain that claim preclusion would bar re-litigation of his racial discrimination claim in this Court. *See Kratville v. Runyon*, 90 F.3d 195, 197 (7th Cir. 1996).[5] In the second amended complaint, Plaintiff should specify to the greatest extent possible exactly what he wants this Court to do if he ultimately succeeds in proving his claim.

The issue of remedy can await adversarial development. For the present moment, and for the reasons stated above, the Court must dismiss the amended complaint pursuant to Section 1915 for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(ii). Plaintiff will be afforded until **April 16, 2018** to file a second amended complaint curing the deficiencies outlined above. The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint supersedes the prior complaints and must be complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading[s] [are] in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If a second amended complaint is received, the Court will screen it pursuant to 28 U.S.C. § 1915.

---

[5]Moreover, the preclusive effect of the dismissal of his district court action leaves the Court wondering what relief Plaintiff expects to receive even if his ERD claim is reinstated. If that occurred, Plaintiff's former employer might raise the stipulated dismissal of the 2014 case to preclude litigation of the ERD claim and any award of compensation or back pay.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to Magistrate Judge William E. Duffin's Report and Recommendation (Docket #28, #29) be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge William E. Duffin's Report and Recommendation (Docket #22) be and the same is hereby **ADOPTED in part** as stated herein;

**IT IS FURTHER ORDERED** that on or before **April 16, 2018**, Plaintiff shall file a second amended complaint curing the defects in the amended complaint as described herein. Failure to do so will result in dismissal of this action.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge