# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TRACEY COLEMAN, | |
| Plaintiff, | Case No. 15-CV-984-JPS |
| v. | |
| LAURIE R. MCCALLUM, C. WILLIAM JORDAN, DAVID B. FALSTAD, and LABOR AND INDUSTRY REVIEW COMMISSION, | **ORDER** |
| Defendants. | |

This case has dragged on for over two years. After an appeal and two rounds of amendments to the complaint, Plaintiff still has not stated sufficient allegations to survive screening under 28 U.S.C. § 1915. As a consequence, the Court will dismiss this action. Before proceeding to the screening of the second amended complaint, the Court will first set out the relevant factual background.

From Plaintiff's prior complaints and his earlier appeal in this case, the Court discerned the following facts. Plaintiff was terminated from his employment at a local high school. He then brought a claim for racial discrimination before the Equal Rights Division ("ERD") of the Wisconsin Department of Labor Review Commission (the "Commission"). He simultaneously filed an action in the district court, *Tracey Coleman v. ABM Industries*, Case No. 14-CV-435-WEC (E.D. Wis.). That action was dismissed with prejudice by joint stipulation of the parties. The administrative law judge ("ALJ") from the ERD dismissed the agency proceeding because Plaintiff missed a deadline. (Docket #29 at 9–11). The gravamen of the

present action is Plaintiff's contention that he never received the letter notifying him of the deadline or the potential for dismissal. *Id.* The same day his case was dismissed, Plaintiff appealed to the Commission. *Id.* The appeal was unsuccessful. *See id.*

In his first amended complaint, which the Court screened on March 26, 2018, Plaintiff did not bring these factual allegations together in a coherent fashion, nor did he express with even minimal clarity what claim he wanted to make or what relief he sought. *See* (Docket #31 at 2–7). Although he had been given a chance to amend the complaint once before and failed, the Court found it prudent to afford him one more chance to do so. *Id.* He filed his second amended complaint on April 13, 2018. (Docket #32).

Matters have not improved much in the second amended complaint; it borders on being indecipherable and contains many passages copied directly from Plaintiff's appellate briefs. Nevertheless, the Court can gather the following allegations from the document. In the second amended complaint, Plaintiff names three commissioners of the Commission, as well as the Commission itself. *Id.* at 1. Plaintiff alleges that the ALJ of the ERD sent him a letter dated April 3, 2015, directing him to contact the ERD to advise it how to proceed with his discrimination claim. (Docket 32-1 at 1). The letter warned Plaintiff that if he did not respond by April 23, 2015, the administrative case would be dismissed. *Id.* Plaintiff did not receive the letter because "he was out looking for a job." *Id.* at 11. The only letter he received from the ERD was the ALJ's order dismissing his claim, which was sent on April 24, 2015. *Id.* He appealed the dismissal to the Commission but was unsuccessful. *See id.* As a remedy, Plaintiff asks for money damages "because my claim was violated." (Docket #32 at 4).

In its prior screening order, the Court set forth the legal framework that governed Plaintiff's claim. Plaintiff seeks to vindicate a denial of procedural due process in connection with the ERD action. (Docket #31 at 6). A procedural due process claim pursuant to 42 U.S.C. § 1983 asks (1) "whether there exists a liberty or property interest which has been interfered with by the State," and (2) "whether the procedures attendant upon that deprivation were constitutionally sufficient." *Hinkle v. White*, 793 F.3d 764, 767 (7th Cir. 2015). As the Court earlier noted, Plaintiff's legal claim of racial discrimination before the ERD qualifies as a protectable property interest. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982) ("[A] cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause."); *Bennett v. Tucker*, 827 F.2d 63, 70 (7th Cir. 1987). Further, the Court determined that the adequacy of the ERD's or Commission's mailing procedures could probably be analyzed under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

The problem with the amended complaint was that it contained very little factual information to support Plaintiff's claim. (Docket #31 at 7). Instead, the facts giving rise to the claim were gathered by the Court from a large body of documents submitted in this action and in the Court of Appeals. *Id.* Plaintiff has remedied that problem to a small extent in the second amended complaint.

However, now that Plaintiff has more clearly defined his claims, another set of problems has arisen, and these are fatal to the continuation of this action. First, the Commission must be dismissed as a defendant, for as the Court has told Plaintiff repeatedly, it is not a "person" amenable to suit under Section 1983. (Docket #31 at 8); *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Second, the other defendants—all commissioners of the

Commission—must also be dismissed. Because they perform adjudicative functions with respect to administrative claims like Plaintiff's, they enjoy absolute immunity from claims for damages under Section 1983. *Snyder v. Nolen*, 380 F.3d 279, 286 (7th Cir. 2004); *Crenshaw v. Bayard*, 180 F.3d 866, 868 (7th Cir. 1999) (commissioners of the Indiana Civil Rights Commission entitled to absolute immunity); *Wilson v. Kelkhoff*, 86 F.3d 1438, 1445 (7th Cir. 1996) (absolute immunity applicable to prisoner review board members making parole revocation decisions). The same would be true for the ALJ of the ERD, had he or she been named as a defendant. *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 623 (7th Cir. 2002); *Nowicki v. Delao*, 506 F. App'x 514, 517 (7th Cir. 2013).[1]

However, such immunity would not necessarily extend to the clerical official at the ERD who actually mailed the April 3, 2015 letter. Court staff can in certain instances claim the same immunity as judges, including (1) when they perform judicial or quasi-judicial functions, or (2) when they undertake administrative actions pursuant to the explicit direction of a judicial officer. *See Kincaid v. Vail*, 969 F.2d 594, 600–02 (7th Cir. 1992); *Snyder*, 380 F.3d at 286–87. Neither circumstance would appear to protect the ERD clerical staff in this instance, at least on the facts as alleged in the second amended complaint. First, mailing a letter is not an adjudication of rights nor does it involve the exercise of discretionary decision-making. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435–36 (1993). Second, although the clerk likely sent the letter at the direction of the ALJ, courts distinguish between a judge's order and the manner in which

---

[1] It is worth repeating here that, as the Court observed in its prior screening order, it cannot sit in appellate review of the ALJ's decision to dismiss Plaintiff's ERD action, nor the Commission's decision to affirm that disposition. (Docket #31 at 8 & n.4); *Hameetman v. City of Chicago*, 776 F.2d 636, 640 (7th Cir. 1985).

the order is carried out. *See Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). Thus, while the clerk could not be liable for the act sending the letter, he or she would not be immune from liability for misfeasance in mailing the letter. *See Lowe v. Letsinger*, 772 F.2d 308, 313 (7th Cir. 1985); *Kincaid*, 969 F.2d at 601.

Nevertheless, none of Plaintiff's allegations to date, whether before this Court or the Seventh Circuit, suggest that this unknown clerical employee was anything worse than negligent in mishandling the April 3, 2015 letter. The Court of Appeals recently emphasized that, like other constitutional claims, claims for deprivation of procedural due process cannot rest on mere negligence:

> [T]he Eighth Amendment is violated by acts or omissions that exhibit deliberate indifference; mere negligence is insufficient. [*Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014)]. Similarly, negligent conduct by a state official does not implicate the Due Process Clause. *Daniels v. Williams*, 474 U.S. 327, 333–34, 106 S. Ct. 662, 88 L.Ed.2d 662 (1986); *Kingsley v. Hendrickson*, ⸺ U.S. ⸺, 135 S. Ct. 2466, 2472, 192 L.Ed.2d 416 (2015) ("'liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.'") (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S. Ct. 1708, 140 L.Ed.2d 1043 (1998)); *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (same).

*Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017). In *Aguilar*, the Seventh Circuit affirmed the dismissal of a procedural due process claim by a prisoner alleging that state officials misclassified him as being on extended supervision status as opposed to parole status. *Id.* at 628–29. The former classification carried harsher penalties for violations of release conditions. *Id.* The court rejected his procedural due process claim based on the misclassification, reasoning that "the evidence. . .does not suggest more

than negligence, and that is insufficient to support a due process claim just as it fails to support the Eighth Amendment claim." *Id.* at 633.

*Aguilar* instructs that the Court cannot entertain Plaintiff's potential claim against the ERD clerical staff, assuming he had tried to assert it. Notably, Plaintiff's allegations do not actually accuse any ERD or Commission official of doing something incorrectly with respect to mailing the April 3, 2015 letter; instead, his only complaint seems to be that he was out for the day on April 3, 2015 and did not receive the letter. How could the ERD clerk have any control over that circumstance? Moreover, even if some official did mishandle the letter, there is no allegation raising a plausible inference that this was the result of something more than negligence. In short, the allegations in this case all point to, at most, a simple mistake in mailing, and this does not trigger constitutional protections under the Due Process Clause.

The Court takes seriously its duty to generously construe the filings of *pro se* parties. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). It also appreciates that it is not to demand the pleading of facts, but simply the pleading of claims. *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017). But because none of Plaintiff's allegations at any stage in this proceeding—whether here or in the Court of Appeals—hint at, much less allege, anything more than negligence on the part of state officials, the case cannot proceed. The Court's duty to generously construe the contents of the documents submitted by *pro se* parties does not extend to manufacturing new allegations from whole cloth. *Booker v. Johnsonville Sausage LLC*, Case No. 16–CV–1047–JPS, 2017 WL 2773670, at *2 (E.D. Wis. June 26, 2017).

Moreover, other than giving Plaintiff an opportunity to fabricate wholly novel allegations of wrongdoing by state clerical officials whom

Plaintiff has never bothered to name in any iteration of his complaint, permitting further amendment of the complaint would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (internal citation omitted) ("Leave to amend need not be granted. . .if it is clear that any amendment would be futile."). Because the deficiencies in Plaintiff's second amended complaint concern the core aspects of his claim, not merely technical missteps in the naming of parties, Plaintiff's failure to include them cannot credibly be attributed to his *pro se* status. As a consequence, the Court will not entertain additional amendments but will dismiss this case. *See Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED** for failure to state a claim upon which relief may be granted;

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bona fide arguments supporting his appeal; and

**IT IS FURTHER ORDERED** that Plaintiff's second motion to leave to proceed without prepayment of the filing fee (Docket #33) be and the same is hereby **DENIED as moot**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge